UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

COURT FILE NO.: 10-14

| | |
|---|---|
| Ann Mayo,<br><br>*Plaintiff,*<br>v.<br><br>Allied International Credit,<br><br>*Defendant.* | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and out of the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in an illegal effort to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Ann Mayo is a natural person who resides in the City of Saraland, County of Mobile, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Allied International Credit is a collection agency operating from an address of 100 East Shore Drive, Glen Allen, Virginia 23059 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with HSBC, account ending in 2972.

7. On or about December 17, 2008, with the Palmer Firm acting as her agent, Plaintiff reached an agreement with HSBC to settle the debt for $408.00. Under the terms of this agreement, the $408.00 had to be paid by December 30, 2008.

8. On or about December 12, 2008, Plaintiff's counsel issued check number 42757 in the amount of $408.00 to HSBC

9. On or about December 24, 2008, check number 42757 cleared and was deposited a bank account owned by HSBC.

10. Commencing on or around January 16, 2009, Defendant contacted Plaintiff numerous times alleging amounts due on the settled account.

11. The above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

12. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of

Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to these Plaintiffs.

13. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

14. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. Section 1692k(a)(2)(A), costs pursuant to 15 U.S.C. Section 1692k(a)(3), and reasonable attorney's fees from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant, jointly and severally:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

Dated: 12/14/2009            Respectfully submitted,

LEWIS, BUSH & FAULK, LLC

By: _____
Anthony Brian Bush (BUS028)
Attorney I.D.#ASB-7306-A54B
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Telephone: (334) 263-7733
Facsimile: (334) 832-4390
Email: anthonybbush@yahoo.com

**Defendant may be served at the following address:**

**Allied International Credit**
**100 East Shore Drive**
**Glen Allen, Virginia 23059**

-6-